# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| ANDREW D. WETZEL | CIVIL ACTION NO. 13-411 |
| VERSUS | JUDGE STAGG |
| ROBERT C. TANNER, ET AL. | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM ORDER

Before the court is Andrew D. Wetzel's ("Wetzel") objection to Magistrate Judge Mark Hornsby's order (Record Document 9) denying Wetzel's motion to appoint counsel (Record Document 4). Based on the following, Magistrate Judge Hornsby's ruling is **AFFIRMED**.

In an order signed on February 27, 2013, Magistrate Judge Hornsby denied Wetzel's motion for appointment of counsel. See Record Document 9. Wetzel objected to this ruling on March 11, 2013. See Record Document 11. This court will consider Wetzel's objection as an appeal of the magistrate's decision. Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. On appeal, the district judge may "set aside any portion of the order that is clearly erroneous or is contrary to the law." Fed. R. Civ. Proc. 72(a).

The decision by Magistrate Judge Hornsby to deny Wetzel's motion for judgment by default is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. See Maisonville v. F2 America, Inc., 902 F.2d 746, 747-48 (9th Cir. 1990)("[S]ection 636(b)(1)(A) lists those motions which may not be determined by a magistrate. Accordingly, any motion not listed, nor analogous to a motion listed in this category, falls within the non-dispositive group of matters which a magistrate may determine"). The magistrate judge's February 27, 2013, ruling is not a recommendation to the district court, which normally requires de novo review under Rule 72. Rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A).

Wetzel's civil rights complaint (42 U.S.C. § 1983) was filed in forma pauperis pursuant to 28 U.S.C. § 1915. Subsection 1915(e) gives the court discretion to request an attorney to represent any person who is "unable to afford counsel." 28 U.S.C. § 1915(e). However, the Fifth Circuit has instructed that 28 U.S.C. § 1915 does not afford an indigent plaintiff asserting a claim under section 1983 a right to appointment of counsel "unless the case presents exceptional circumstances." See

Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266-67 (5th Cir. 1982). Factors to consider when evaluating whether exceptional circumstances exist include (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is capable of investigating his case; and (4) the level of skill required to present the evidence. See Ulmer, 691 F.2d at 213 (citations omitted).

An analysis of these factors leads this court to conclude that the requisite exceptional circumstances are not present in this case. Wetzel's case is not complex, alleging a conditions-of-confinement claim along with a claim of inadequate medical treatment. See Record Document 1. No special knowledge is required to present this case. Moreover, Wetzel has first-hand knowledge of the facts of his case. The court believes the litigant has the skills required to present his argument on appeal without the aid of counsel. Thus, the circumstances presented are not "exceptional" so as to warrant appointment of counsel.

Accordingly, Magistrate Hornsby's order (Record Document 9) is **AFFIRMED.**

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 12th day of March, 2013.

JUDGE TOM STAGG